Slip Op. 26-87

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **KEMPER AIP METALS, LLC AND WAELZHOLZ BRASMETAL LAMINAÇÃO LTDA.,** | |
| Plaintiffs, | **Before: Timothy M. Reif, Judge** |
| v. | **Court No. 26-00764** |
| **UNITED STATES,** | |
| Defendant. | |

## <u>OPINION</u>

[Granting proposed defendant-intervenors' motions to intervene.]

Dated: August 7, 2026

<u>John Anwesen</u>, Lighthill PC, of Washington, D.C., for plaintiffs Kemper AIP Metals, LLC and Waelzholz Brasmetal Laminação Ltda.

<u>David A.J. Goldfine</u>, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, D.C., for defendant United States.

<u>James E. Ransdell IV</u>, <u>Thomas M. Beline</u> and <u>Margaret E. Monday</u>, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for proposed defendant-intervenor United States Steel Corporation.

<u>Stephen P. Vaughn</u> and <u>Neal J. Reynolds</u>, King & Spalding LLP, of Washington, D.C., for proposed defendant-intervenor Cleveland-Cliffs Inc.

<u>Alan H. Price</u>, <u>Christopher B. Weld</u> and <u>Stephanie M. Bell</u>, Wiley Rein LLP, of Washington, D.C., for proposed defendant-intervenor Nucor Corporation.

<u>Roger B. Schagrin</u>, <u>Jeffrey D. Gerrish</u> and <u>Nicholas C. Phillips</u>, Schagrin Associates, of Washington, D.C., for proposed defendant-intervenors Steel Dynamics, Inc. and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC.

\*     \*     \*

Court No. 26-00764                                                      Page 2

Reif, Judge:  Before the court are the motions to intervene of proposed defendant-intervenors Cleveland-Cliffs Inc. ("Cleveland-Cliffs"), Nucor Corporation ("Nucor"), Steel Dynamics, Inc. ("Steel Dynamics"), United States Steel Corporation ("U.S. Steel") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW") (collectively, "proposed intervenors").  *See* Partial Consent Mot. to Intervene as a Matter of Right ("U.S. Steel Br."), ECF No. 11; Mot. to Intervene as a Matter of Right ("Cleveland-Cliffs Br."), ECF No. 15; Mot. to Intervene as a Matter of Right ("Nucor Br."), ECF No. 19; Mot. to Intervene as Def.-Intervenors ("Steel Dynamics and USW Br."), ECF No. 29.

Plaintiffs Kemper AIP Metals, LLC ("Kemper") and Waelzholz Brasmetal Laminação Ltda. ("Waelzholz Brasmetal") oppose the motions on the grounds that proposed defendant-intervenors "have no constitutional standing" and "do not qualify as interested parties under 28 U.S.C. § 2631(j)(1)(B)."  Opp'n to Mots. to Intervene ("Pls. Br.") at 3, ECF No. 36.

For the reasons discussed below, the court grants the motions to intervene.

## BACKGROUND

The instant action arises from the final affirmative material injury determination issued by the U.S. International Trade Commission ("Commission") in the investigations of corrosion-resistant steel products ("CORE") from Australia, Brazil, Canada, Mexico, Netherlands, South Africa, Taiwan, Turkey, United Arab Emirates and Vietnam. *Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, Netherlands, South Africa, Taiwan, Turkey, United Arab Emirates, and Vietnam; Determinations* ("*Final Determination*"), 90 Fed. Reg. 55,320 (Dec. 2, 2025); *see also*

*Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, Netherlands, South Africa, Taiwan, Turkey, United Arab Emirates, and Vietnam* ("*Views*"), USITC Pub. 5678, Inv. Nos. 701-TA-733-736 and 731-TA-1702-1711 (Final) (Nov. 2025).

On September 5, 2024, the Commission initiated the investigations following receipt of petitions filed on behalf of Steel Dynamics, Nucor, U.S. Steel, USW and Wheeling-Nippon Steel, Inc.[1] *Final Determination*, 90 Fed. Reg. 55,320.

On April 10, 2025, the U.S. Department of Commerce issued the *Preliminary Results* and invited comments from interested parties. *See Certain Corrosion-Resistant Steel Products from Brazil: Preliminary Affirmative Determination of Sales at Less than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures* ("*Preliminary Results*"), 90 Fed. Reg. 15,333 (Dep't of Commerce Apr. 10, 2025); *see also Certain Corrosion-Resistant Steel Products from Brazil: Final Affirmative Determination of Sales at Less than Fair Value* ("*Final Results*"), 90 Fed. Reg. 42,219 (Dep't Commerce Aug. 29, 2025) and accompanying Issues and Decision Memorandum at 2 (Dep't of Commerce Aug. 25, 2025).

On August 12, 2025, the Commission conducted hearings in connection with the investigations. *Views* at 2.

On August 29, 2025, Commerce issued the *Final Results*. *See Final Results*, 90 Fed. Reg. 42,219.

---

[1] Cleveland-Cliffs was not among the original petitioners. *See Final Determination*, 90 Fed. Reg. 55,320.

Court No. 26-00764                                                                          Page 4

On November 28, 2025, the Commission issued its final affirmative injury determination and published its views on the same.  *See Final Determination*, 90 Fed. Reg. 55,320; *see also Views*.

On December 19, 2025, Commerce issued the final AD order and assessed duties on relevant entries of CORE.  *See Corrosion-Resistant Steel Products from Brazil and Mexico: Amended Final Antidumping Duty Determination; Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, the Republic of Türkiye, the United Arab Emirates and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 90 Fed. Reg. 59,494 (Dep't of Commerce Dec. 19, 2025).

On February 19, 2026, plaintiffs filed their complaint in the instant action. Compl., ECF No. 7.

On March 11, 19 and 23, 2026, proposed intervenors filed the instant motions. *See* U.S. Steel Br.; Cleveland-Cliffs Br.; Nucor Br.; Steel Dynamics and USW Br.

## JURISDICTION

28 U.S.C. § 1581(c) grants to this Court "exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930."[2]  *See* 19 U.S.C. § 1516a.

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2018 edition.

## DISCUSSION

### I.    Constitutional standing

The court concludes that proposed intervenors have constitutional standing.

Plaintiffs argue that proposed intervenors "have no constitutional standing" because "[t]hey neither assert an injury in fact traceable to the outcome of this litigation nor claim piggyback standing by aligning themselves with the relief the United States seeks."  Pls. Br. at 3.

In response, proposed intervenors argue that "Article III poses no obstacle where proposed defendant-intervenors seek the same relief as the United States."  Resp. to Opp'n to Mot. to Intervene ("Intervenors Br.") at 8, ECF No. 39.  Proposed intervenors submit that they "do not seek to broaden the case, introduce new claims, or obtain any relief different from that sought by the United States."  *Id.* at 9.  Rather, the "only relief Proposed Defendant-Intervenors seek is affirmance of [the] determination" of the Commission.  *Id.*

The Supreme Court has stated that "[u]nder our precedents, at least one party must demonstrate Article III standing for each claim for relief."  *Little Sisters of the Poor Saints Peter and Paul Home v. Pa.*, 591 U.S. 657, 674 n.6 (2020).  Accordingly, "an intervenor of right must have Article III standing in order to pursue relief that is *different* from that which is sought by a party with standing."  *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 440 (2017) (emphasis supplied).

Put differently, "[w]here a putative intervenor seeks only the same relief as an existing party to the litigation, the proposed intervenor may 'piggyback' on the existing party's standing."  *HiSteel Co. v. United States*, 46 CIT __, __, 592 F. Supp. 3d 1339,

1342 (2022) (citing *Cal. Steel Indus., Inc. v. United States*, 48 F.4th 1336, 1343 (Fed. Cir. 2022)).  And the U.S. Court of Appeals for the Federal Circuit has clarified that for defendant-intervenors in a trade action, piggyback standing is established when "the proposed intervenors' requested relief is largely identical to the government's prayer for relief."  *Cal. Steel Indus.*, 48 F.4th at 1343.

Plaintiffs do not dispute that proposed intervenors request only that the court sustain the *Final Determination*.  *See* Pls. Br.  Rather, the crux of plaintiffs' argument is that proposed intervenors neglected to argue explicitly that they possess constitutional standing.  *See id.* at 4-5.

Given that the "only relief that Proposed Defendant-Intervenors seek is affirmance of [the] determination" of the Commission, Intervenors Br. at 9, the court concludes that proposed intervenors have established *implicitly* that they have constitutional standing.  Plaintiffs have failed to support their contention that constitutional standing must be argued and established *explicitly*.  *See* Pls. Br.

## II.    Intervention as a matter of right

The court concludes that proposed intervenors may intervene as a matter of right.

Pursuant to U.S. Court of International Trade Rule 24(a), "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."

28 U.S.C. § 2631(j)(1) provides that

> Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, *except that* . . . in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to

the proceeding in connection with which the matter arose may intervene, and such person may intervene *as a matter of right*.

28 U.S.C. § 2631(j)(1) (emphases supplied).

In the instant case, all proposed intervenors are "interested part[ies] who [were parties] to the proceeding in connection with which the matter arose" such that they all may intervene as a matter of right.

28 U.S.C. § 2631(k) specifies that "interested party" has the meaning given in 19 U.S.C. § 1677(9), which includes

(C) a manufacturer, producer, or wholesaler in the United States of a domestic like product, [and]

(D) a certified union or recognized union or group of workers which is representative of an industry engaged in the manufacture, production, or wholesale in the United States of a domestic like product.

The court concludes that Cleveland-Cliffs, Nucor, Steel Dynamics and U.S. Steel are "manufacturer[s] . . . in the United States of a domestic like product" in the instant action.

19 U.S.C. § 1677(10) defines "domestic like product" as "a product which is like, or in the absence of like, most similar in characteristics and uses with, the article subject to an investigation."

Here, the Commission "define[d] a single domestic like product consisting of all CORE, coextensive with the scope" in these investigations.[3]  *View*s at 15. And the Commission noted that the "leading U.S. producers of CORE in 2024 include Cleveland-Cliffs Inc. . . . Steel Dynamics, Nucor, and U.S. Steel."  *Id.* at 1.4.  Accordingly, Cleveland-Cliffs, Nucor, Steel Dynamics and U.S. Steel all manufacture "a domestic like product" and are therefore "interested parties."  *Cf. Hitachi Metals, Ltd. v. United States*, 949 F.3d 710, 717 (Fed. Cir. 2020) ("Hitachi cites no authority that precludes the Commission from determining that the domestic like product and the subject merchandise are coextensive.").

The same logic applies to USW, which is undisputedly "a certified union or recognized union . . . of workers which is representative of an industry engaged in the manufacture . . . of a domestic like product."  19 U.S.C. § 1677(9)(D); *see* Pls. Br. at 2.[4]

---

[3] The Commission identified the scope, in relevant part, as follows:

> The products covered by these investigations are certain flat-rolled steel products, either clad, plated, or coated with corrosion-resistant metals such as zinc, aluminum, or zinc-, aluminum-, nickel- or iron-based alloys, whether or not corrugated or painted, varnished, laminated, or coated with plastics or other non-metallic substances in addition to the metallic coating.

*Views* at 7.

[4] Plaintiffs argue that:  "The United Steelworkers represents a small portion of the workforce.  Union membership across private-sector manufacturing, like the brass-coated steel producers that are absent from this case, tends to be lower, with an overall rate of around 6.9% for private-sector industries in the United States."  Pls. Br. at 2. This argument is not relevant to the statute.  *See* 19 U.S.C. § 1677(9)(D); *see also* H.R. Doc. No. 103-316, at 862 (1994) ("The Administration intends that labor have equal voice with management in supporting or opposing the initiation of an investigation.").

Moreover, the proposed intervenors were all "part[ies] to the proceeding in connection with which the matter arose."  28 U.S.C. § 2631(j)(1).  Nucor, Steel Dynamics, U.S. Steel and USW were all petitioners in the underlying investigation.  *See Views* at 3; *see also Laclede Steel Co. v. United States*, No. 96-1029, 1996 WL 384010, at *2 (Fed. Cir. July 8, 1996)*.*

And Cleveland-Cliffs, while not a petitioner, was one of the 11 CORE producers that provided usable financial information on their CORE operations. *Views* at 6.1; *see RHI Refractories Liaoning Co. v. United States*, 35 CIT 130, 132, 752 F. Supp. 2d 1377, 1380 (2011) ("The requisite participation encompasses 'written submissions of factual information or written argument.'" (citation omitted)).  In addition, Cleveland-Cliffs filed an entry of appearance in the underlying proceeding, appeared at the Commission hearing accompanied by counsel and "filed prehearing and posthearing briefs" alongside petitioners. *See Views* at 3; Administrative Record Index (Sep. 9, 2024) at 2, PR 13; 19 C.F.R. § 201.11(a).

This Court has recognized that the "'party to the proceeding' requirement is not onerous" and is met when a party "reasonably convey[s] [its] separate status and provided [the agency] with notice of [its] concerns."  *Gov't of Canada v. United States*, 48 CIT __, __, 686 F. Supp. 3d 1320, 1327 (2024). Accordingly, the court concludes that Cleveland-Cliffs was a "party to the proceeding in connection with which the matter arose."  28 U.S.C. § 2631(j)(1)*.*

Proposed intervenors add that "Plaintiffs' theory would turn intervention into a vehicle for relitigating the merits of the Commission's decision under the

guise of standing and would threaten to exclude the very parties Congress expressly authorized to participate in § 1516a actions."  Intervenors Br. at 2. Plaintiffs insist nonetheless that proposed intervenors should not be permitted to intervene because proposed intervenors "do not produce or sell brass-coated steel, nor do they understand the technical aspects of the product."[5]  Pls. Br. at 9. Plaintiffs argue also that proposed intervenors purported lack of understanding was "responsible" for the scope language that plaintiffs challenge in this action.[6] *Id.* at 10.

Both arguments are premature.  The intervention inquiry is predicated on the nexus of the parties to the subject merchandise and their participation in the underlying proceeding.  *See* 28 U.S.C. § 2631(j)(1).  It would be inappropriate at

---

[5] Waelzholz Brasmetal  produces brass-coated steel strip and Kemper imports brass-coated steel strip.  *See* Compl. ¶¶ 1,18.

[6] That scope language provides "certain flat-rolled steel products, either clad, plated, or coated with corrosion-resistant metals *such as* zinc, aluminum, or zinc-, aluminum-, nickel- or iron-based alloys, whether or not corrugated or painted, varnished, laminated, or coated with plastics or other non-metallic substances in addition to the metallic coating."  *See Final Results*, 90 Fed. Reg. at 42,222 (emphasis supplied).  The term "such as" indicates a non-exhaustive list.  *See Such As*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/such%20as (last visited July 30, 2026) ("used to introduce an example or series of examples").

this stage for the court to look beyond these questions at the legal issues that form the substance of plaintiffs' action.[7]  *See* Compl. ¶¶ 21-31.

The decision to allow intervention here does not have any impact on the subsequent adjudication of plaintiffs' claims.  Just as the court is not prepared at this time to deny intervention on the grounds proffered by plaintiffs as that would prejudge factual and legal issues that go to the merits of plaintiffs' claims, so the court's ruling does not prejudge issues in favor of intervenors.  Any attempt to conflate intervention and the merits constitutes an erroneous reading of the statute and the rules of this Court.

For these reasons, the court concludes that proposed intervenors "may intervene as a matter of right."  28 U.S.C. § 2631(j)(1).

## CONCLUSION

For the reasons discussed above, proposed intervenors' motions to intervene are hereby **GRANTED.**

**SO ORDERED.**

---

[7] The court underscores that this matter represents an attempt by plaintiffs to litigate the substance of the dispute in the guise of opposing a motion to intervene.  In this way, plaintiffs' action constitutes both a misconstrual and a misuse of the process under the Rules of the Court.  Such a misuse causes the Court, the government and other parties to expend resources unnecessarily.  Parties are reminded that they are Officers of the Court and are responsible, consistent with ethical rules, to act as such.  Opposing an intervention motion on grounds that self-evidently go to the merits of a matter represents a failure to act as an Officer of the Court.  The court encourages parties in the future to avoid this wasteful use of its and others' finite resources.

Court No. 26-00764                                                              Page 12

                                                              /s/    Timothy M. Reif
                                                              Timothy M. Reif, Judge

Dated: August 7, 2026
        New York, New York